IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
May 22, 2018 Session

**STATE OF TENNESSEE v. REUBEN EUGENE MITCHELL**

**Appeal from the Criminal Court for Knox County**
**No. 102034   Steven Wayne Sword, Judge**

_____

**No. E2017-01739-CCA-R3-CD**

_____

JOHN EVERETT WILLIAMS, P.J., concurring in part and dissenting in part.

I agree with the majority's conclusion that the evidence was sufficient to support the Defendant's arson conviction.  I respectfully dissent from the majority's conclusion that the evidence is insufficient to support the Defendant's conviction for filing a false insurance claim.

The majority reasons that the Defendant did not initiate a claim because he did not submit the documentation required to file a claim under the insurance policy, including a proof of loss, in the requisite time period.  In my opinion, the language of Tennessee Code Annotated section 39-14-133, which criminalizes insurance fraud, is broad and does not limit a conviction for the offense to those instances in which a defendant has adhered to the provisions and niceties of the insurance policy.  Under the majority's analysis, an insurance company may determine what constitutes a criminal offense for filing a false insurance claim through its provisions in its insurance policies.  Had the legislature intended for insurance companies to have such authority, the legislature would have stated so in the statute.

Section 39-14-133 does not require that a defendant present proof in support of a claim to the insurance company or submit written documentation to the insurance company to sustain a conviction.  Rather, under the plain language of the statute, a defendant may either (1) intentionally present or cause to be presented a false or fraudulent claim; or (2) intentionally present or cause to be presented any proof in support of the false or fraudulent claim; or (3) prepare, make, or subscribe to a false or fraudulent "account, certificate, affidavit or proof of loss, or other documents or writing, with intent that the same may be presented or used in support of such claim" to support a conviction.  T.C.A. § 39-14-133.  When viewed in a light most favorable to the State, the evidence presented at trial established that the Defendant committed arson by burning the

home in which he was living, reported the fire loss to his insurance company, met with a fire adjuster for the insurance company during which the Defendant reported the fire to be accidental, and received $1,000 from the insurance company based upon his false and fraudulent representations. I conclude that this evidence is sufficient to support the Defendant's conviction for filing a false insurance claim by intentionally presenting or causing to be presented a false or fraudulent claim. Accordingly, I would affirm the Defendant's conviction for filing a false insurance claim.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE